IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

TYRONE OLIVER,

    Plaintiff,

VS.                                            No. CH-09-1571-1

DEUTSCHE BANK NATIONAL TRUST COMPANY, and
WILSON & ASSOCIATES, PLLC,

    Defendants.

## COMPLAINT TO RESTRICT AND PROHIBIT FORECLOSURE, TO SET ASIDE ILLEGAL AND IMPROPER FORECLOSURE, TO ORDER ACCOUNTING ON LOANS, FOR DAMAGES, AND FOR LEGAL AND EQUITABLE RELIEF

To the Honorable Chancellors of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis:

1. Plaintiff is a resident and citizen of Shelby County, Tennessee and he has been so at all relevant times with respect to the allegations herein. Plaintiff resides at the real estate which is the subject of this dispute which is located at 3699 Wayne Avenue, Memphis, Shelby County, Tennessee, 38122.

2. Defendant Deutsche Bank National Trust Company is, upon information and belief, a corporation and banking entity authorized to do business in the state of Tennessee. It is believed to have been the owner and/or servicer of a loan with the Plaintiff. Its agent for service of process is C T Corporation, 800 So. Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

3. Defendant Wilson & Associates PLLC, alleges that it conducted a



foreclosure on the subject property heretofore. Its alleged Substitute Trustee was one of its staff attorneys in its Little Rock office, upon information and belief, an Arkansas resident. This firm operates a foreclosure mill in the State of Arkansas and has little or no personal experience with the subject property. This firm has attorneys that are licensed in the State of Tennessee, however, it is not specifically registered with the Secretary of State and its status with the Secretary of State is listed as "expired."

They are sued solely for their capacity as agents for the Plaintiff with respect to an eviction which is now pending and upon which they are now seeking a writ of possession. This firm is associated with and employs lawyers that are lawfully entitled to practice in Tennessee.

***No specific act of wrongdoing is alleged against this law firm and they are sued solely for their participation and agency relationship with respect to the wrongful eviction which is being sought by the Defendants.***

5. Upon information and belief, the Defendants used an out of state resident to act as Trustee or Substitute Trustee at the sale.

**It was illegal and improper for an out of state resident to have conducted the sale.**

Under the laws of the State of Tennessee one cannot act as a Substitute Trustee for any foreclosure sale as provided by the provisions of 35-5-114 and the Plaintiff is unaware of any agent that has been designated by these Defendants as a Tennessee resident as is required by law.

Tennessee law requires in said statute:

"If the Trustee is not a resident of the State of Tennessee, the notice shall include the name and address of a registered agent of the substitute trustee who is located in the state of Tennessee."

This defendant has not made any of the appropriate designations.

Also, the conduct of the sale as described above also violates the general rules that govern Trustees and fiduciaries and the requirements that they have a relationship with the State of Tennessee as contemplated in T.C.A. 66-24-123.

6. Plaintiffs would further allege that the foreclosure sale should never have occurred. On the date of the sale, the Plaintiff followed previous instructions of the Defendant and communicated with the Defendants about a loan modification. When he made an inquiry a couple of weeks later the Plaintiff was advised that the home had been foreclosed anyway and that there was nothing the Plaintiff could do to keep his home.

The Plaintiff continued to stand ready, willing and able to remedy all financial defaults and pay all true and just sums which are owed the Defendants.

7. Plaintiff alleges that the Defendant mortgage company has mismanaged the account, overcharged on the fees and expenses on the account, and co-mingled the fees and expenses on the home mortgage with an escrow account and/or escrow advances that are not supposed to exist.

Plaintiff further alleges that the charges and fees which have been run up on the account are excessive, duplicative, and have led to further and additional defaults.

Plaintiff secured this loan through a misrepresented loan application and

loan process. Plaintiff alleges that this loan was predatory, cost excessive, and not truthfully or correctly explained to him.

The loan agreement as advertised, as implemented, and as executed violates the Tennessee Consumer Protection Act as contemplated by T.C.A. 47-18-101 *et seq.* Plaintiff alleges that it is deceptive and misleading to not set up an escrow account for the payment of insurance and taxes on a loan.

8. Plaintiff alleges that Deed of Trust in this instance is a contract of adhesion; not contemplated, read or negotiated by the parties, and that the process in Tennessee of foreclosure by a Trustee on the courthouse steps denies citizens of rights they would otherwise have to due process under the law.

9. Defendants' conduct has violated the Tennessee Consumer Protection Act and they are guilty of false and misleading practices in violation of T.C.A. 47-18-101 *et seq.* In particular Plaintiff would allege fraud as the Defendants were simultaneously soliciting funds from the Plaintiffs at the same time they were taking his home.

10. Plaintiff alleges that he did not get notice of this foreclosure, or proper notice of this foreclosure.

11. Plaintiff alleges that during the foreclosure process which was apparently going on he was solicited to give an extensive financial statement and to complete a loan workout packet with a view towards a forbearance agreement with the Defendant or an opportunity to catch the loan up completely.

Plaintiff emphasizes that it should be wrongful to solicit funds and repayment plans from customers at the same time events are underway to take the Plaintiff's'

property.

12. As a result of the concerted conduct of the Defendant lender the Plaintiff has been damaged, has no peace of mind with respect to the property, and has lost financing opportunities and other avenues of relief.

13. Plaintiff alleges that it is misleading to debtors and consumers to have mortgage company employees, a collection department, and other departments make certain representations to the Plaintiff, and that is representing and telling the Plaintiffs as a consumer one thing, and a lawyer or lawyers who are threatening foreclosure or declaring defaults on the property at the same time.

14. As a result of not receiving any meaningful notice, the Defendants have left your Plaintiff with no timetable that is manageable for the refinancing or reinstatement of the loan. In fact, he has been told it is an absolute impossibility.

15. Plaintiff alleges that he has never been furnished with ledger card, account summary or any other discernible information which could be reviewed to show the status on the loan with the Defendant, save for the information which has been furnished and required by the evicting attorneys.

16. The balance demanded by the Defendants prior to the foreclosure was incorrect.

17. The Plaintiff"s note on the property were supposed to be less than 800.00 per month.

18. *An eviction is pending on the property and the Plaintiff is facing immediate eviction under docket number CT-001662-09 in the Circuit*

*Court. That court does not delve into the issue of the improper foreclosure and the Plaintiff has had no ability to present these claims in any forum that could reasonably give him relief.*

*Plaintiff alleges that he has no complete and adequate remedy at law for the wrongs complained of herein, and that if he is evicted and/or removed from the property it is wrongful considering all of the facts and circumstances of this case. Plaintiff needs the immediate aid of the court to preserve the status quo. If he is evicted the unfair result will occur of the mortgage lender soliciting his money and evicting him at the same time. This is a grossly unfair result that commands intervention by this court. It is also significantly pled that the foreclosure was illegal and conducted by an out-of-state Trustee.*

19. All foreclosure efforts by the Defendants are self-evidently defective and are lacking even a basic understanding of foreclosure in Shelby County, Tennessee. The foreclosure was so lacking that instant counsel is almost hoping that they shall attempt to proceed on their wholly improper premises.

20. Wilson and Associates PLLC, while heretofore the counsel for the Defendant, is uncertain as to whether they shall be retained with respect to any state court litigation such as this suit, and while they do not consent to the granting of any preliminary relief, they have not been employed or directed to oppose it.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That a copy of this suit be served upon the Defendants and that they be required to answer this suit or suffer a judgment by default.

2. For TWO MILLION DOLLARS ($2,000,000.00) in compensatory

damages from the Defendants for the losses and conduct which is detailed above.

2. a. For a declaratory judgment that the defendants must advertise a foreclosure with a Tennessee resident or resident corporation as the local or registered agent for the sale. For a declaratory judgment that the existing and putative foreclosure was wholly defective.

3. For the right to amend this complaint after discovery and additional information is uncovered.

4. For a temporary restraining order, preliminary injunction and/or permanent injunction to protect the rights of the Plaintiffs and keep them in their home before, during and after the "threatened" foreclosure and until this litigation can be resolved.

5. For such further and other relief as to which the Plaintiffs may be entitled.

RESPECTFULLY SUBMITTED,

_____
TED I. JONES, #11017
Suite 1928
100 North Main Building
Memphis, Tennessee  38103
(901) 526-4249
(901) 568-2292
Attorney for the Plaintiffs

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE**

STATE OF TENNESSEE

COUNTY OF SHELBY

    I, Tyrone N. Oliver, hereby state under oath or by affirmation that the allegations contained in the foregoing complaint are true and accurate to the best of our knowledge, information and belief.

_____
Tyrone N. Oliver

Sworn to and Subscribed to before me this the 28th day of July, 2009.

_____
Notary Public

# FIAT

To the Clerk of the Court:

Please issue the temporary restraining order as prayed for by the Plaintiff prohibiting the Defendant from evicting the Plaintiff from the property at 3699 Wayne, Memphis, Shelby County, Tennessee, 38122, and/or set this matter for a hearing on the ___12th___ day of ___August___, 2009 at ___10:00 a.m.___ and issue or serve notice upon the Defendants.

Set the bond for the injunction at ___$500.00___.

___Walter L. Evans___
Chancellor

Date ___07/29/09___