IN THE UNITED STATES DISTRICT COURT,
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TYRONE OLIVER,

    Plaintiff,

vs.                                                No.  09-2555-AV

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

    Defendant.

REPORT AND RECOMMENDATION ON MOTION TO DISMISS OF
DEUTSCHE BANK NATIONAL TRUST COMPANY

Before the court is the February 1, 2010 motion of the defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), pursuant to Rules 37(b)(2) & 41 of the Federal Rules of Civil Procedure, to dismiss the complaint of the plaintiff, Tyrone Oliver, for failing to comply with the court's discovery order of December 30, 2009, requiring Oliver to serve his Rule 26(a)(1) initial disclosures on Deutsche Bank within fifteen days of entry of the order.  The motion was referred to the United States Magistrate Judge for a report and recommendation.  Oliver has failed to respond to the motion to dismiss within the time period for response.  For the reasons that follow, it is recommended that Deutsche Bank's motion to dismiss the complaint be granted.

    Pursuant to the Scheduling Order entered September 14, 2009, the deadline for service of Rule 26(a)(1) initial disclosures was established as September 25, 2009.  Oliver failed to serve his

initial disclosures on Deutsche Bank. On December 7, 2009, Deutsche Bank moved to compel Oliver serve his initial disclosures. Oliver did not respond to the motion to compel. The court granted the motion to compel December 30, 2009, directing Oliver to serve full and complete initial disclosures on Deutsche Bank on or before January 15, 2010. Oliver failed to serve his initial disclosures as ordered by the court. (Def.'s Mot. to Dismiss 3-4.) On February 2, 2010, Deutsche Bank filed this present motion to dismiss the complaint as a sanction for failing to comply with the court's order to provide initial disclosures. Oliver's response to the motion was due on February 19, 2010, but Oliver did not file a responsive pleading to Deutsche Bank's motion to dismiss.

If a party fails to serve initial discolsures, the court may order sanctions. FED. R. CIV. P. 37(c). Such orders include the imposition of any of the sanctions listed in Rule 37(b)(2)(A)(i) - (vi), among which is dismissal of the action in whole or in part. FED. R. CIV. P. 37(c)(1)(C). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate

in discovery, the court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered.  *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Dismissal of Oliver's complaint is an appropriate sanction. All four factors of the Sixth Circuit's test are satisfied. First, Oliver's failure to serve initial disclosures is due to his own willfulness and fault.  To dismiss an action *with* prejudice under Rule 37, the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists.  *Freeland*, 103 F.3d at 1277.  In the present action, Oliver has had ample time, over five months, to serve initial disclosures on Deutsche Bank.  Oliver, however, failed to serve his initial disclosures, to file a response to the motion to compel, to comply with the court's order, and finally, failed to even respond to the motion to dismiss.  This course of conduct constitutes a clear record of delay and evidences Oliver's willful behavior in not responding.

Second, Deutsche Bank has been prejudiced because it has been

3

unable to move forward in preparing its defense without Oliver's initial disclosures. Furthermore, Oliver's failure to respond has forced Deutsche Bank to waste time, money, and effort in pursuit of information that Oliver was obligated to provide.

Third, Oliver was clearly and definitively warned by the court that failure to comply with the court's order would lead to sanctions. The court's December 30, 2009 order firmly stated that failure to comply would result in dismissal of the complaint.

Finally, less drastic remedies would be ineffective. Oliver has exhibited a disregard for discovery deadlines and has shown contempt for an order of this court. In light of those facts, alternative remedies would be ineffective.

Dismissal is also appropriate under Rule 41 for failure of Oliver to comply with this court's order. Rule 41(b) provides:

> If the plaintiff fails to prosecute *or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or for failure to join a party under Rule 19 - operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b) (emphasis added). Here, Oliver has failed to comply with the Rules and an order of the court but has not offered any justification for his failure. Oliver was sufficiently warned that failure to comply with the court's order would result in dismissal of his complaint.

Accordingly, it is recommended that Deutsche Bank's motion to

dismiss be granted and that Oliver's complaint be dismissed with prejudice.

    Respectfully submitted this 10th day of March, 2010.

<pre>
                              s/ Diane K. Vescovo                 
                              DIANE K. VESCOVO
                              UNITED STATES MAGISTRATE JUDGE
</pre>